# CASES

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—MAY TERM, 1901.

### Mary Dillon v. Paul O. Moratz.

1. **BURDEN OF PROOF**—*To Show the Acceptance of Orders Sued Upon.*
—In an action to recover money due on an order given by one person upon another, the burden of proof is upon the plaintiff to show that the order was accepted in order to enable him to sue upon it in his own name, or at least to show that·the amount of the order was due and owing.

**Assumpsit,** on orders for the payment of money. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1901, Reversed and remanded. Opinion filed September 11, 1901.

A. E. DeMANGE and J. E. HOFFMAN, attorneys for appellant.

LIVINGSTON & BACH, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was an action of assumpsit by appellee against appellant to recover for money alleged to be due upon the balance of two orders given by George Asher to appellee upon Isaiah Dillon, the husband of appellant. A jury was waived and a trial by the court ended in a finding and judgment against appellant for $304.65, to reverse which she brings her appeal to this court, and it is argued the find-

VOL. XCVII 1 (1)

ing and judgment are contrary to the law and the evidence of the case, and inconsistent with the propositions held by the court as the law in the decision of the case.

Isaiah Dillon, the husband and agent of the appellant, contracted with Asher to build a house for appellant. Asher sub-contracted with appellee and gave to him orders upon Dillon, one for $450, the other for $493.30. Dillon paid $200 upon the first order. The last order was for the balance of the first order, and the balance due from Asher to Moratz, as the latter testified. Appellant, however, claimed, and so testified, that the contract was not completed, nor the house finished, and insisted she had never accepted the orders, nor her husband for her. Asher testified the last order was given to appellee on the mistaken supposition that the arbitrators, to whom he and appellee had submitted their differences, had made an award by which he would owe the amount of the last order, but it turned out the arbitrators did not agree, and he denied he owed the amount of the order, or any amount.

The burden of proof was upon the plaintiff to show that the orders had been accepted by appellant, before he was entitled to sue upon them in his own name, or at least to show that the amount of the judgment was due from Asher to appellee. We think the evidence fails in this respect, and while we dislike to disagree with the trial court upon a question of fact, still, from all the evidence in the case, we feel compelled to believe that injustice has been done to appellant. If she did not accept the orders and did not owe Asher, or if nothing was due Asher when the suit was begun, as the weight of the evidence proves, it would be an injustice to compel her, as the judgment does, to pay a debt she does not owe, and did not agree to pay.

The judgment of the Circuit Court will be reversed and the cause remanded for a new trial. Reversed and remanded.