## Mary Dillon v. Paul O. Moratz.

1. EVIDENCE—*Province of the Jury Where it is Conflicting.*—Where the evidence is conflicting it is the province of the jury to find the truth.

2. APPELLATE COURT PRACTICE—*Court Need Not Notice a Contention Not Covered by the Assignment of Errors.*—This court is not required to notice any contention not covered by an assignment of errors.

Assumpsit.—Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

A. E. DeMANGE and J. E. HOFFMAN, attorneys for appellant.

LIVINGSTON & BACH and WELTY & STERLING, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This suit was brought by appellee against appellant to recover a balance of $243.30 and interest on the following order :

"NORMAL, ILL., April 4, 1895.

MR. I. DILLON : Please pay to Paul O. Moratz four hun-

dred ninety-three 30-100 ($493.30) balance due him on your house.

                                                    G. A. ASHER."

In September, 1895, Asher contracted to build a house for appellant on her land in Normal, Illinois. I. Dillon is appellant's husband, and as her agent attended to all the details of the contract for construction, etc. Asher subcontracted the planing mill work to appellee, under which appellee furnished the windows, doors, porch work and inside furnishings at a cost of $693.30. Prior to the giving of the order above quoted, I. Dillon had paid appellee $200 on another order issued by Asher to appellee, and this was for the balance due appellee.

The suit was defended by appellant upon the ground that the contract was not completed and that the order had never been accepted. A trial by the court, a jury being waived, resulted in a finding and judgment against appellant for $304.65. On appeal, we reversed that judgment at the May term, 1901, for the reason that the evidence did not show either that the order was accepted or that appellant was indebted to Asher on his contract. Dillon v. Moratz, 97 Ill. App. 1. After being remanded, the cause was again tried, but by a jury, and appellee again recovered a judgment for the balance due on the order. On the second trial, there was additional testimony on the contention that the order was accepted, and upon the whole, we think there is sufficient evidence, as it now appears in the record, to justify the finding of the jury on that point. But little of the business appertaining to the construction of the house was looked after by appellant. She entrusted the entire matter to her husband. He made the contract with Asher, paid orders drawn by Asher, and so complete was his control that an acceptance by him must be regarded as an acceptance by his wife. Appellee testified that Dillon on several occasions promised to pay the order and did send him a check for $250, signed by appellant, which he applied in partial payment of it. He is contradicted by Dillon as to promises to pay the order, however, and in such contradiction is corroborated by Asher.

Dillon v. Moratz.

William R. Bach, an attorney for appellee, testified that after the order was placed in his hands for collection, he presented it to appellant for payment, and that she told him there were some parts of the work about the house that were not completed, and that as soon as they were she would pay. He testified that she took him in the house and showed him the things needed for completion. On the advice of Bach, appellee sent a carpenter, named William Koepke, to complete the work desired by appellant. Koepke testified that he called at the house, and under the direction of appellant, fixed several things, and was told by her that there was nothing more to be done. His testimony is an addition to the evidence as it appeared in the record when the case was here before. Coupled with the testimony of Bach that appellant promised to pay the order when the uncompleted work should be finished, her acceptance was proven. Appellant contradicted Bach, but in the conflict it was the peculiar province of the jury to find the truth, and we are compelled to say they had sufficient proof on which to base a finding that the order was accepted, even if they did not believe it was accepted by I. Dillon as her agent, as testified to by appellee.

Although the abstract shows no assignment of error upon the point, it is urged in the printed argument for appellant that the court erred in sustaining a demurrer to a special plea setting up a prior adjudication of the subject-matter of this suit wherein appellee sought to enforce a mechanic's lien against appellant's property, and was denied relief and his bill dismissed for want of equity. We are not required by the rules of practice prevailing in this court to notice any contention not covered by an assignment of error, but as the correctness of the trial court's ruling on the demurrer has been argued on both sides, we have considered the plea and do not hesitate in pronouncing it bad. It does not necessarily follow that because a sub-contractor has failed in an effort to have declared and enforced in a court of chancery a mechanic's lien against the property of the owner, he can not in a court of law recover against the owner for the

amount of his claim. There are certain statutory require-
ments incident to a recovery in a mechanic's lien case
unknown and out of place in a suit at law. For instance,
appellee may have failed to give to appellant, as owner,
the required statutory notice of his claim and lien as
sub-contractor. The plea on its face shows that appellee's
lien suit was dismissed because he had not perfected his lien.

We are unable to see in the record sufficient error to
justify a reversal, and the judgment will be affirmed.